BEACH • COWDREY • JENKINS LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Thomas E. Beach - State Bar No. 096321
Eligio J. Luevanos - State Bar No. 198372
mail@beachcowdrey.com
Attorneys for Defendant,
INLAND COUNTIES REGIONAL CENTER, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GREGORY CLAYBORN, KIMBERLY CLAYBORN; TAMISHIA CLAYBORN; VANESSA NGUYEN; TRUNG DO; JAMES THALASINOS; JACOB THALASINOS.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; INLAND COUNTIES REGIONAL CENTER. INC; ALLIEDBARTON SECURITY SERVICES, LP; ALLIEDBARTON SECURITY SERVICES, LLC; ALLIED UNIVERSAL; CALIFORNIA HOUSING FOUNDATION; STATE OF CALIFORNIA; DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF JUSTICE; DOES 1 THROUGH 200, inclusive,<br><br>Defendants. | Case No. 5:17-cv-01953 AG (MRWx)<br><br>Assigned to Hon. Andrew J. Guilford<br>Hon. Michael R. Wilner, Magistrate Judge<br><br>**DEFENDANT INLAND COUNTIES' REGIONAL CENTER NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELIGIO J. LUEVANOS**<br><br>**Date: December 18, 2017**<br>**Time: 10:00 a.m.**<br>**Dept.: 10D** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 18, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Department 10D of the above-entitled court, located at 247 W. Third Street, San Bernardino, California 92415, defendant, INLAND COUNTIES REGIONAL CENTER, INC. ("ICRC"), for itself and itself



BEACH • COWDREY • JENKINS LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

alone, will and hereby does move this Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing plaintiffs' first cause of action for Wrongful Death-Negligence, second cause of action for Premises Liability, third cause of action for Negligent Hiring, Retention, and Supervision, and fourth cause of action for Survival Action.

This Motion is made on the grounds that the First Amended Complaint fails to state facts sufficient to constitute any cause of action against this moving defendant. Plaintiffs fail to assert in each of their causes of action any facts that would establish that ICRC should have reasonably foreseen the terrorist attack at issue in this matter and should have taken steps to prevent the attack.

Plaintiffs' second, third, and fourth causes of action are also uncertain because it is unclear as to whether the claims are being brought directly by plaintiffs, or as the heirs and successors-in-interest of the individual decedents. Plaintiffs' third cause of action is also uncertain because it is unclear as against which defendants plaintiffs assert this cause of action. Lastly, plaintiffs Kimberly Clayborn, Tamishia Clayborn, and Trung Do lack standing to bring their claims because they are neither the heirs nor the successors-in-interest of any decedent.

This Motion is made subsequent to attempts to meet and confer with plaintiffs' counsel pursuant to Local Rule 7-3.

///

///

///

///

///

///

///

///

///

BEACH • COWDREY • JENKINS LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Eligio J. Luevanos, as well as all pleadings, records and papers on file herein, and upon such other evidence and oral argument as may be received by this court at the time of the hearing.

Dated: November 15, 2017

BEACH ♦ COWDREY ♦ JENKINS, LLP

By: /s/

Thomas E. Beach
Eligio J. Luevanos
Attorneys for Defendant,
INLAND COUNTIES REGIONAL CENTER, INC. erroneously sued as INLAND REGIONAL CENTER

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........ 7

I. INTRODUCTION ........ 7

II. APPLICABLE LAW REGARDING A MOTION FOR DISMISSAL ........ 8

III. ALLEGATIONS IN THE FAC ........ 8

IV. PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT DEFENDANT ICRC OWED A LEGAL DUTY TO PREVENT THE TERRORIST ATTACK ........ 10

V. PLAINTIFFS' SECOND, THIRD, AND FOURTH CAUSES OF ACTION ARE UNCERTAIN AS TO WHETHER THEY ARE BROUGHT BY DECEDENTS' HEIRS OR SUCCESSORS-IN-INTEREST ........ 14

VI. PLAINTIFFS' THIRD CAUSE OF ACTION IS UNCERTAIN AS TO THE DEFENDANTS SUBJECT TO THIS CAUSE OF ACTION ........ 16

VII. CERTAIN PLAINTIFFS LACK STANDING TO PURSUE THEIR WRONGFUL DEATH CLAIMS IN THIS MATTER ........ 16

VIII. CONCLUSION ........ 17

BEACH • COWDREY • JENKINS LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

# TABLE OF AUTHORITIES

## Cases

Ann M. v. Pacific Plaza Shopping Center
(1993) 6 Cal.4th 666 ... 12

Ashcroft v. Iqbal
(2009) 556 U.S. 662 ... 8

Blumhorst v. Jewish Family Services of Los Angeles
(2005) 126 Cal.App.4th 993 ... 14

Caltex Plastics, Inc. v. Lockheed Martin Corp.
(9th Cir. 2016) 824 F3d 1156 ... 8

Davidson v. City of Westminster
(1982) 32 Cal.3d 197 ... 10

Gantman v. United Pac. Ins. Co.
(1991) 232 Cal.App.3d 1560 ... 14

Hoff v. Vacaville Unified School Dist.
(1998) 19 Cal.4th 933 ... 10

Lattimore v. Dickey
(2015) 239 Cal.App.4th 959 ... 15

Lopez v. McDonald's
(1987) 193 Cal.App.3d 495 ... 10

Melton v. Boustred
(2010) 183 Cal.App.4th 521 ... 11, 12, 13

Ortega v. Kmart Corp.
(2001) 26 Cal.4th 1200 ... 10

Rowland v. Christian
(1968) 69 Cal.2d 108 ... 12

Scott v. Thompson
(2010) 184 Cal.App.4th 1506 ... 17

Sharon P. v. Arman, Ltd.,
(1999) 21 Cal.4th, 1181 ... 10

Strom v. United States
(9th Cir. 2011) 641 F3d 1051 ... 8

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

**Other Authorities**


Code of Civil Procedure, section 367, et seq. .................................................... 14

Code of Civil Procedure, section 377.20, et seq. ............................................... 14, 15

Code of Civil Procedure, section 377.32, et seq. ............................................... 14, 15

Code of Civil Procedure, section 377.60, et seq. ............................................... 15, 16

Federal Rule of Civil Procedure, section 12, et seq. ........................................... 2, 4, 8

Probate Code, section 6402, et seq. ..................................................................... 17


BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action concerns the infamous 2015 San Bernardino terrorist attack wherein married couple Syed Farook and Tashfeen Malik opened fire at a San Bernardino County Department of Public Health ("County") training event and holiday party killing fourteen people and seriously injuring twenty-two others. Even though the event was being held by the County, it was held at defendant INLAND COUNTIES REGIONAL CENTER, INC.'s ("ICRC") conference center, and security was provided by Allied Universal ("Allied").

Plaintiffs GREGORY CLAYBORN, KIMBERLY CLAYBORN, and TAMISHIA CLAYBORN are the purported heirs of Sierra Clayborn. VANESSA NGUYEN and TRUNG DO are the purported heirs of Tin Nguyen. JAMES THALASINOS and JACOB THALASINOS are the purported heirs of Nicholas Thalasinos. Sierra Clayborn, Tin Nguyen, and Nicholas Thalasinos were killed in the terrorist attack. In their First Amended Complaint ("FAC"), plaintiffs assert causes of action for Wrongful Death-Negligence, Premises Liability, Negligent Hiring Retention, and Supervision, and Survival Action.

Plaintiffs' causes of action against ICRC are based upon the theory that ICRC had a legal duty to prevent the terrorist attack, but failed to do so. ICRC demurs to each cause of action. As set forth herein, the subject terrorist attack was not reasonably foreseeable or preventable. As such, defendant ICRC did not owe the decedents or plaintiffs a legal duty to prevent it from occurring. In addition, plaintiffs' FAC is uncertain to causes of action for negligent hiring, retention, and supervision and survival action because it is unclear what actions are alleged to have been taken by the County and ICRC. Lastly, based on the allegations made in the FAC, certain plaintiffs do not have standing to remain in this matter.

///

///

BEACH • COWDREY • JENKINS, LLP
3001 ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

## II. APPLICABLE LAW REGARDING A MOTION FOR DISMISSAL

A Motion for Partial Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claims stated in the complaint. *Strom v. United States* (9th Cir. 2011) 641 F3d 1051, 1067. Dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F3d 1156, 1159. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.

## III. ALLEGATIONS IN THE FAC

Plaintiffs allege that on December 2, 2015, the County was holding a training event and holiday party at a location the County rented from ICRC. (FAC ¶ 23.) Decedents Sierra Clayborn, Tin Nguyen, and Nicholas Thalasinos ("Decedents") were County employees who were present at the event. (FAC ¶ 24.) Syed Rizwan Farook was present at the event, as was his wife Tashfeen Malik even though she was not a County employee. (FAC ¶¶ 25-26.) Defendants improperly searched Mr. Farook and Ms. Malik which allowed them to bring weapons into the event and kill fourteen individuals including the Decedents. (FAC ¶¶ 27-28.) Plaintiffs also allege that all defendants improperly allowed the perpetrators to procure automatic rifles and improperly approved the visa of Ms. Malik. (FAC ¶¶ 29-30)

Plaintiffs allege that all defendants had knowledge that Mr. Farook presented a threat and knew or should have known that Mr. Farook and Ms. Malik were radicalized and dangerous. (FAC ¶ 32) Plaintiffs allege that Mr. Farook was also an employee of the County and was acting under the authority of the County when he killed the Decedents. (FAC ¶ 32) Plaintiffs allege that the County knew that Mr. Farook had an argument with a co-worker over the Islamic religion. (FAC ¶ 33.) County communicated, or should have communicated, its concerns to ICRC and Allied regarding Mr. Farook. ICRC and Allied knew or should have known about

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

the ongoing issues with Mr. Farook, but failed to take appropriate steps to prevent issues between Mr. Farook and others at the event. (FAC ¶ 34) Neither ICRC nor Allied circulated Mr. Farook's picture to security staff, and they did not perform a weapons check. (*Id.*) Plaintiffs also allege that defendants The Department of Homeland Security and The Department of Justice improperly allowed Mr. Farook and Ms. Malik entry into the United States and did not properly investigate them after their entry. (FAC ¶ 44).

With regard to the first cause of action for wrongful death – negligence, plaintiffs allege that each defendant owed a duty or reasonable care to Decedents and breached that duty by failing to protect them at the event. (FAC ¶ 46.) Defendants' breaches of duty include failing to properly investigate the assailants, failing to provide adequate security, failing to provide a weapons check, and failing to prevent a non-County employee from entering the event. (FAC ¶ 47) Defendants' alleged negligence was a substantial factor in Decedents' deaths. (FAC ¶¶ 48-49.)

With regard to the second cause of action for premises liability, plaintiffs allege that ICRC negligently managed its property by failing to protect the Decedents from the assailants' assault. (FAC ¶¶ 52-53.) Plaintiffs allege that ICRC knew or should have known that the terrorist attack would occur, but failed to take steps that would have made the conditions on the premises reasonably safe. (FAC ¶¶ 54-55) Plaintiffs allege that defendant acted with recklessness and conscious disregard for the safety of Decedents and defendants' actions allow plaintiffs to seek punitive damages. (FAC ¶ 60.)

With regard to the third cause of action for negligent hiring, retention, and supervision, plaintiffs allege that defendants failed to properly train their employees to investigate those inclined to harm Americans, to guard against workplace violence, to investigate sham marriages, to complete thorough background checks, and to investigate tips regarding radicalization. (FAC ¶ 63) Defendants were aware

BEACH • COWDREY • JENKINS, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

that Mr. Farook engaged in behavior that warranted an immediate investigation, and failing to do so allowed a hostile work environment to develop. (FAC ¶¶ 65-66.) Plaintiffs allege that the defendants acts were substantial factor I causing Decedents' deaths, plaintiffs were harmed, and that defendants' acts were done with conscious disregard to the safety of others which warrants the imposition of punitive damages. (FAC ¶¶ 67-69.)

With regard to the fourth cause of action for survival action, plaintiffs reallege all prior allegations and claim that Decedents suffered damages prior to their death. (FAC ¶¶ 70-71.) Plaintiffs are seeking punitive damages with regard to the survival action. (FAC ¶ 72)

## IV. PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT DEFENDANT ICRC OWED A LEGAL DUTY TO PREVENT THE TERRORIST ATTACK

The duty of a person who owns, leases, occupies, or controls real property is to use reasonable care to keep the premises in a reasonably safe condition. *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205. This general duty has been found to include a duty to take reasonable steps to secure common areas against foreseeable crime. *Sharon P. v. Arman, Ltd.*, (1999) 21 Cal.4th, 1181, 1189. There is also a general rule that one owes no duty to control the conduct of another or warn those endangered by the conduct of another. *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 203. This rule derives from the common law distinction between misfeasance and nonfeasance and the reluctance of Courts to impose liability for nonfeasance. *Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 933.

The primary issue regarding a negligence claim arising from an intentional shooting is whether the crime was foreseeable. In *Lopez v. McDonald's* (1987) 193 Cal.App.3d 495, a single gunman walked into a McDonald's and began shooting at those inside the building, killing 21 people and injuring 11 others. In ruling on the defendant's motion for summary judgment, the trial court held that, while there was

BEACH • COWDREY • JENKINS, LLP
5001 ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

evidence of a crime in the adjacent parking lot and in the general neighborhood surrounding the restaurant, the shooting was not foreseeable. The court found that the assailant's sole purpose for entering the McDonald's was to kill as many people as he could, and that "the risk of a maniacal mass murderous assault is not a hazard the likelihood of which makes McDonald's conduct unreasonably dangerous." *Id.*, at p. 509. While a theft-related or property crime may have been foreseeable, this mass shooting was so unique that a reasonable and prudent business enterprise would not consider it the type of criminal conduct from which it needed to protect its customers. *Id.*, at p. 510.

The same analysis applies here. Plaintiffs fail to allege any facts that would place ICRC on reasonable notice that a terrorist attack was reasonably likely to occur. There are no factual allegations that defendant ICRC knew or should have known that Mr. Farook posed a threat. Only the County is alleged to have any knowledge of Mr. Farook's violent tendencies and improper behavior. Plaintiffs make only the conclusory argument that County communicated or could have communicated its concerns to ICRC and Allied. (FAC ¶ 34) At most, there is merely a conclusory allegation that Mr. Farook had violent tendencies and ICRC should have known about them, which is insufficient to place ICRC on reasonable notice that a terrorist attack was reasonably likely to occur.

In *Melton v. Boustred* (2010) 183 Cal.App.4th 521, the defendant held a party at his residence featuring live music and alcoholic beverages. *Id.*, at p. 527. He advertised the party using an open invitation on a social networking site. *Id.* The three plaintiffs were persons who showed up at the defendant's party. *Id.* Upon their arrival, they were attacked, beaten, and stabbed by a group of unknown individuals. *Id.* Just as in the present case, the plaintiffs sued the defendant for negligence and premises liability. *Id.* The defendant's demurrer was sustained, the second time without leave to amend. *Id.* In affirming that ruling on appeal, the Court of Appeal provided a thorough analysis as to when a trial court should

BEACH • COWDREY • JENKINS LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

conclude that a defendant owed a legal duty to protect a plaintiff from a third party criminal act.

"Duty is an essential element of the tort of negligence." *Melton v. Boustred*, *supra*, 183 Cal.App.4th at p. 489. "The existence of a duty is a question of law for the court." Id., at p. 490. "The existence of a legal duty 'depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability.'" *Id.*, at p. 489.

Whether a property owner owes a duty to prevent injury to persons on his property depends upon consideration of the factors set forth in the seminal case of *Rowland v. Christian* (1968) 69 Cal.2d 108, 112. *Melton v. Boustred, supra*, 183 Cal.App.4th at p. 489. Those factors include: (1) the foreseeability of harm to the plaintiff, (2) the degree of certainty that the plaintiff suffered injury, (3) the closeness of the connection between the defendant's conduct and the injury suffered, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, (7) and the availability, cost, and prevalence of insurance for the risk involved." Id.

"Generally, 'a duty to take affirmative action to control the wrongful acts of a third party will be imposed only where such conduct can be reasonably anticipated.'" *Melton v. Boustred*, *supra*, 183 Cal.App.4th at p. 490, quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 676. "[I]n the case of criminal conduct by a third party, an extraordinarily high degree of foreseeability is required to impose a duty on the landowner, in part because 'it is difficult if not impossible in today's society to predict when a criminal might strike.'" *Melton v. Boustred*, *supra*, 183 Cal.App.4th at p. 491.

"Foreseeability is balanced against 'the burden of the duty to be imposed. Where the burden of prevention is great, a high degree of foreseeability is usually required; whereas where there are strong public policy reasons for preventing the

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

harm, or the harm can be prevented by simple means, a lesser degree of foreseeability may be required.'" *Melton v. Boustred*, supra, 183 Cal.App.4th at p. 491. "In each case, however, the existence and scope of a property owner's duty to protect against third party crime is a question of law for the court to resolve." *Id.*

Using this analysis, the *Melton* Court ultimately held that the defendant property owner did not owe a legal duty of care to protect the three plaintiffs from the third party criminal assault. This Court should reach the same conclusion in this case.

Defendant ICRC did not create the peril, nor did defendant ICRC engage in any conduct which increased the risk of harm to the Decedents. Furthermore, the terrorist attack which occurred in this case was not foreseeable. As explained above, "in the case of criminal conduct by a third party, an extraordinarily high degree of foreseeability is required to impose a duty on the landowner" for the resulting harm. *Melton v. Boustred, supra*, 183 Cal.App.4th at p. 494. "In determining whether this heightened standard of foreseeability has been established, the defendant's knowledge is critical." *Id.* When the court engages "in any analysis of foreseeability, the emphasis must be on the specific, rather than more general, facts of which a defendant was or should have been aware." *Id.*

There are no facts alleged to support a conclusion that defendant ICRC should have foreseen this terrorist attack. Furthermore, "foreseeability is balanced against 'the burden of the duty to be imposed. Where the burden of prevention is great, a high degree of foreseeability is usually required; whereas where there are strong public policy reasons for preventing the harm, or the harm can be prevented by simple means, a lesser degree of foreseeability may be required.'" *Melton v. Boustred*, supra, 183 Cal.App.4th at p. 491.

Defendant ICRC provides services for persons with developmental disabilities. Plaintiffs are alleging that defendant ICRC should have employed sufficient security at its premises to prevent two Islamic jihadists - one of whom was

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

invited to the meeting because he was an employee of the County - armed with semi-automatic weapons, from opening fire at the meeting on December 2, 2015. The burden of such prevention is so great that the degree of foreseeability required would essentially have to be actual knowledge of the exact details of the terrorist plot well in advance of the subject attack. Plaintiff's allegations certainly do not rise to such a level.

## V. <u>PLAINTIFFS' SECOND, THIRD, AND FOURTH CAUSES OF ACTION ARE UNCERTAIN AS TO WHETHER THEY ARE BROUGHT BY DECEDENTS' HEIRS OR SUCCESSORS-IN-INTEREST</u>

A lawsuit must be brought by a real party in interest with the legal capacity to sue. (*Code Civ. Proc.* § 367.) This person is the one who holds the title to the claim or property involved. (*Gantman v. United Pac. Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566.) Further, the person invoking the judicial process must have a real interest in the ultimate adjudication, having suffered "an injury of sufficient magnitude reasonable to assure that all the relevant facts and issues will be adequately presented." (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 1001.)

An action brought on behalf of a decedent *must* be asserted by a representative of the decedent *or* the decedent's successor in interest. (*Code Civ. Proc.* § 377.20.) Pursuant to Code of Civil Procedure section 377.32, a person seeking to commence an action as a decedent's successor-in-interest *must* adhere to statutory requirements. Section 377.32 provides, in part:

> (a) The person who seeks to commence an action or proceeding . . . as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.



BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

(3) "No proceeding is not pending in California for administration of the decedent's estate.

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

. . .

(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

In this matter, plaintiffs failed to file the required declaration pursuant to Code of Civil Procedure section 377.32, or even state which plaintiffs would serve as a successor-in-interest for the each of the Decedents. Plaintiffs, therefore, lack standing to proceed with their causes of action for Premises Liability, Negligent Hiring, Retention, and Supervision, and Survival Action.

A "survival action" can be brought on behalf of a decedent for injuries the decedent suffered prior to death. (*Code of Civil Procedure* section 377.20) A wrongful death action, however, is brought by the heirs of a decedent to recover for the loss suffered by the heirs. (*Code of Civil Procedure* section 377.60; *Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968) Survival actions and wrongful death claims are thus brought by two different and distinct classifications of plaintiffs who are seeking recovery for different injuries.

Plaintiffs' second cause of action is for premises liability while the third cause of action is for negligent hiring, retention, and supervision. These claims are based on injuries suffered by Decedents during the terrorist attacks. Plaintiffs, however, assert that they were directly injured by defendants' actions, even though plaintiffs make no allegations that they were present for the terrorist attack, or had any contact with the assailants.

Plaintiffs' second and third causes of action seem to be an attempt at alleging causes of action based on a survival action theory because the injuries were suffered by Decedents. Plaintiffs, however, have not properly asserted that these causes of action are brought under a survival action theory. Plaintiffs instead seem to be asserting a variation of their wrongful death case of action. The second and third

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1100
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

causes of action remain impermissibly uncertain because it cannot be determined under what theories of recovery plaintiffs are pursuing these claims. For that reason, this Demurrer must be sustained as to plaintiffs' causes of action for premises liability and negligent hiring, supervision, and retention.

## VI. PLAINTIFFS' THIRD CAUSE OF ACTION IS UNCERTAIN AS TO THE DEFENDANTS SUBJECT TO THIS CAUSE OF ACTION

Plaintiffs' do not state in the caption for their third cause of action for negligent hiring, retention, and supervision action against which defendants they are asserting the claim. Plaintiffs in their prayer for damages do not distinguish against which defendants they are seeking damages for their third and fifth causes of action.

Plaintiffs clearly allege in the section of the FAC setting out facts common to all causes of action that Mr. Farook was the employee of the County. (FAC ¶¶ 32-35, 38) Plaintiffs make no factual claim that ICRC employed Mr. Farook. There are no facts alleged regarding any relationship between the County and ICRC such that they could both be the employer of Mr. Farook.

Despite alleging no facts that ICRC was Mr. Farook's employer or engaged in employment decisions related to Mr. Farook, plaintiffs seemingly bring their negligent hiring claim against ICRC. The negligent hiring claim in the third cause of action is impermissibly uncertain with regard to which defendant those causes of action are asserted against and which defendant employed Mr. Farook.

## VII. CERTAIN PLAINTIFFS LACK STANDING TO PURSUE THEIR WRONGFUL DEATH CLAIMS IN THIS MATTER

Wrongful death actions may be brought by a decedent's personal representative, decedent's surviving spouse, decedent's domestic partner, decedent's children, or the issue of decedent's deceased children. *Code of Civil Procedure* § 377.60(a). If there is no surviving issue of a decedent, the persons entitled to the property of the decedent through intestate succession may bring a wrongful death claim. *Id.* If there is no surviving spouse, domestic partner, or issue, a decedent's

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

intestate estate passes next to the decedent's parents. *Probate Code* § 6402(b); *Scott v. Thompson* (2010) 184 Cal.App.4th 1506, 1511.

With regard to claims relating to Sierra Clayborn who died intestate (FAC ¶ 1), Gregory Clayborn as decedent's father is the only plaintiff who can pursue a wrongful death claim because his claim is superior to Kimberly Clayborn, Ms. Clayborn's step-mother who did not adopt Ms. Clayborn, and Tamishia Clayborn, Ms. Clayborn's sister. With regard to claims relating to Tin Nguyen who died intestate (FAC ¶ 4), Vanessa Nguyen as decedent's mother is the only plaintiff who can pursue a wrongful death claim because her claim is superior to the claim of Trung Do, Ms. Nguyen's brother. Kimberly Clayborn, Tamishia Clayborn, and Trung Do have no standing to pursue any claims in this matter.

## VIII. CONCLUSION

The FAC fails to allege sufficient facts to state any cause of action against moving defendant ICRC. The FAC fails to allege any facts that the incident was reasonably foreseeable to defendant ICRC. Plaintiffs failed to provide a successor in interest declaration to support their survivor action claim. The FAC is uncertain with regard to the claims for premises liability and negligent hiring, retention, and supervision. Lastly, Kimberly Clayborn, Tamishia Clayborn, and Trung Do do not have standing to pursue their wrongful death claims. ICRC respectfully requests that the Court sustain this Motion in its entirety.

Dated: November 15, 2017 BEACH ♦ COWDREY ♦ JENKINS, LLP

By: /s/
Thomas E. Beach
Eligio J. Luevanos
Attorneys for Defendant,
INLAND COUNTIES REGIONAL CENTER, INC. erroneously sued as INLAND REGIONAL CENTER

BEACH • COWDREY • JENKINS, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

## DECLARATION OF ELIGIO J. LUEVANOS

I, Eligio J. Luevanos, declare:

1. I am an attorney duly licensed to practice law before all courts of the State of California and I am an associate attorney with BEACH COWDREY JENKINS, LLP, attorneys of record for defendant INLAND COUNTIES REGIONAL CENTER, INC. ("ICRC"), in this action. I am familiar with the facts of this case and, if called as a witness, I could and would competently testify to the matters set forth in this Declaration based upon my own personal knowledge.

2. I have represented ICRC in this action since its inception in the Superior Court of California for the County of San Bernardino. I did not receive notice from plaintiffs that this matter had been removed to this Court, but noticed that it had been removed based on a review of the Superior Court's docket.

3. Pursuant to L.R. 7-3, I attempted to meet and confer with plaintiffs' counsel prior to filing Inland Counties Regional Center's Motion to Dismiss.

4. On October 20, 2017, I spoke with plaintiffs' counsel Theida Salazar, Esq. and expressed my intention to file a Motion to Dismiss pursuant to FRCP 12(b)(6) on the same bases as the previously filed demurrers in the Superior Court. While plaintiffs' counsel had been unresponsive to prior attempts to meet and confer in the Superior Court matter, Mr. Salazar stated that he would need to coordinate a meet and confer effort with his co-counsel Ashton Watkins, Esq.

5. Attached as Exhibit A is a true and correct copy of an e-mail I sent to Mr. Salazar commemorating our telephone conversation of October 20, 2017.

6. I did not receive any written communication from either of plaintiff's counsel.

7. On October 30, 2017, I sent a letter to plaintiffs' counsel again asking to meet and confer regarding a Motion to Dismiss pursuant to FRCP 12(b)(6). I received no response to this letter. A true and correct copy of the letter is attached as Exhibit B.

BEACH • COWDREY • JENKINS, LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

8. Based on the past history with plaintiffs' counsel, and counsel's current inability to respond to requests to meet and confer regarding the instant Motion to Dismiss, further efforts to meet and confer pursuant to L.R. 7-3 would be futile.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 15th day of November, 2017, at Oxnard, California.

/s/
Eligio J. Luevanos

BEACH • COWDREY • JENKINS LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 500 E. Esplanade Drive, Suite 1400, Oxnard, California 93036.

On November 15, 2017, I served the foregoing document(s) described as: **DEFENDANT INLAND COUNTIES' REGIONAL CENTER NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELIGIO J. LUEVANOS** on the interested parties in this action, by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☐ **(BY FIRST CLASS MAIL)** I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Oxnard, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION)** I transmitted from a facsimile transmission machine in Oxnard, California, whose telephone number is (805) 388-3414, the above-named document to the interested parties herein whose facsimile transmission telephone numbers are included in the attached Service List. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

☒ **(BY ELECTRONIC MAIL)** I e-mailed the above-named document to the parties listed on the service list herein.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 15, 2017, at Oxnard, California.

/s/

Lupita Castor

BEACH • COWDREY • JENKINS, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100

**SERVICE LIST**

***Clayborn v. County of San Bernardino, et al.***

*United States District Court Case No. 5:17-cv-01953 AG (MRWx)*

**ATTORNEYS FOR PLAINTIFFS, GREGORY CLAYBORN, KIMBERLY CLAYBORN, TAMISHIA CLAYBORN, VANESSA NGUYEN, TRUNG DO, JAMES THALASINOS AND JACOB THALASINOS**

Theida Salazar, Esq.
Law Offices of Theida Salazar
2140 N. Hollywood Way, #7192
Burbank, CA 91510
Phone: (818) 433-7290
Fax: (818) 436-4009
salazarlawgroup@gmail.com

Ashton R. Watkins, Esq.
Law Offices of Ashton R. Watkins
660 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
Phone: (310) 855-3904
Fax: (310) 943-3896
ashton@watkinslawgroup.com

**ATTORNEYS FOR DEFENDANT, COUNTY OF SAN BERNARDINO**

Eugene P. Ramirez, Esq.
Trevor Grimm, Esq.
Manning & Kass
Ellrod, Ramirez, Trester LLP
801 S. Figueroa Street, 15th Floor
Los Angeles, CA 90017-3012
Phone: (213) 624-6900
Fax: (213) 624-6999
epr@manningllp.com
ltg@manningllp.com

Darin L. Wessel, Esq.
Manning & Kass
Ellrod, Ramirez, Trester LLP
550 W. C Street, Suite 1900
San Diego, CA 92101
Phone: (619) 515-0269
Fax: (619) 515-0268
dlw@manningllp.com

**ATTORNEYS FOR DEFENDANTS, UNITED STATES DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES DEPARTMENT OF JUSTICE**

Julie Zatz, Esq.
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, CA 90012
Phone: (213) 894-7349
Fax: (213) 894-7819
Julie.Zatz@usdoj.gov

BEACH • COWDREY • JENKINS LLP
300 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 388-3100