JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-1953 AG (MRWx) | Date | February 13, 2018 |
|---|---|---|---|
| Title | GREGORY CLAYBORN ET AL. v. COUNTY OF SAN BERNARDINO ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS; REMANDING CASE TO STATE COURT

This case involves claims asserted by the families of three people killed during a 2015 workplace shooting. Defendants U.S. Department of Homeland Security and U.S. Department of Justice (the "Federal Defendants") move to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. (Dkt. No. 14.) Other Defendants also filed various motions concerning Plaintiffs' complaint. (Dkt. Nos. 8, 9, 12.)

The Court concludes that it lacks jurisdiction over Plaintiffs' claims against the Federal Defendants. Plaintiffs originally filed this case in state court. (Dkt. No. 1.) The Federal Defendants removed the case to federal court under 28 U.S.C. § 1442(a)(1), which provides that the United States and its agencies and officers may remove state court cases against them to federal court. (Dkt. No. 1.) Upon removal under § 1442(a)(1), the federal court's "jurisdiction is derivative of the state court's jurisdiction." *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). Accordingly, if "the state court lacked jurisdiction . . . [the federal court] must dismiss the case on that ground." *Id.*

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-1953 AG (MRWx) | Date | February 13, 2017 |
|---|---|---|---|
| Title | GREGORY CLAYBORN ET AL. v. COUNTY OF SAN BERNARDINO ET AL. | | |

Here, the state court lacked jurisdiction since federal courts have exclusive jurisdiction over Plaintiffs' tort claims against the Federal Defendants. *See* 28 U.S.C. § 1346(b)(1). Because this Court's jurisdiction is derivative of the state court's, this Court also does not have jurisdiction and must dismiss Plaintiffs' claims against the Federal Defendants for that reason. *See Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1181–83 (C.D. Cal. 2008).

The Court GRANTS the U.S. Department of Homeland Security and the U.S. Department of Justice's motion to dismiss for lack of jurisdiction. (Dkt. No. 14.) The Court DISMISSES Plaintiffs' claims against the Department of Homeland Security and the Department of Justice without leave to amend in this Court at this time.

Further, because 28 U.S.C. § 1442(a)(1) was the only basis for removal in this case, the Court must remand Plaintiffs' remaining claims to state court. Plaintiffs' remaining claims (state law tort claims among apparently non-diverse parties) don't provide federal jurisdiction. *See* 28 U.S.C. §§ 1331; 1332. Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). The Court REMANDS this case to the Superior Court of the State of California for the County of San Bernardino. The Court declines to rule on the other Defendants' pending motions. (Dkt. Nos. 8, 9, 12.)

|  | : | 0 |
|---|---|---|
| **Initials of Preparer** | | lmb |